# EXHIBIT A

⊜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2022000642**

**JUN 24, 2022 09:19 AM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

ANTONIA LEROY II, on behalf of himself and
others similarly situated,

       Plaintiff,

v.

REDSPEED USA CORPORATION,

       Defendant.

Case No.:

CLASS ACTION

## CLASS ACTION COMPLAINT

Plaintiff Antonia Leroy II files this Class Action Complaint against Defendant RedSpeed USA Corporation (RedSpeed) on behalf of himself and all other individuals and entities similarly situated in Georgia as set out in the putative class definition below. In support thereof, Plaintiff states the following:

### I.      NATURE OF THE CASE

1.      Plaintiff brings this action to challenge RedSpeed's unconstitutional, unlawful, and deeply flawed practice of privatized policing-for-profit through the installation of traffic cameras and collection of fines.

2.      RedSpeed, the wholly-owned subsidiary of a British company, is one of the largest purveyors of automated traffic enforcement systems in the United States.  It manufactures, installs, and operates both the equipment necessary for municipalities to outsource traffic enforcement and the systems and platforms necessary to charge and collect the resulting fines. RedSpeed actively courts municipal employees to install such systems using the same pitch and

"statistics." It promises municipalities increased revenue through automated fines, while RedSpeed provides the "turnkey" system and in return receives as much as 35% of the revenue.

3.     Cities across Georgia, including the City of Albany, have entered into such agreements with RedSpeed and allowed the implementation of these privately owned traffic enforcement mechanisms. As a result, RedSpeed has garnered millions of dollars a year through traffic violations.

4.     This conduct is unconstitutional. The statute under which RedSpeed operates, Ga. Code Ann. § 40-14-18, violates the Georgia Constitution's due process protections as it creates a mandatory presumption that the owner of the vehicle is at fault, thus impermissibly shifting the burden of persuasion. This presumption "may"—in RedSpeed's discretion—only be overcome through the submission of a notarized statement that itself may require more expenditure than the fine charged. Further, while the statute allows a law enforcement agency to send notice of violations and collect payment, it does not allow for a third-party such as RedSpeed to supplant the actual law enforcement role, as occurs here. Plaintiff, and every putative class member, has been deprived of their property interests in that they paid these unconstitutional fines, and seek the return of such amounts, a declaration that § 40-14-18 is unconstitutional, and injunctive relief prohibiting the use of RedSpeed cameras.

5.     Further, even were RedSpeed's conduct and the statute under which it operates constitutional, it has acted deliberately and negligently resulting in its unjust enrichment at the expense of Plaintiff and the putative class. RedSpeed operates its cameras and issues citations outside the bounds allowed by statute. The citations it sends are deceptive, appearing to be sent by law enforcement agencies and not disclosing RedSpeed's involvement. It does not calibrate equipment sufficiently often. It does not maintain records for the necessary length of time, nor

allow individuals impacted by its practices access to all records.  Upon information and belief, it attaches the electronic signature of a single police officer to all citations while this officer did not review each such citation.  It does not endeavor to ensure that the owner of the vehicle is the driver of the vehicle and only retains pictures of license plates, not drivers.  RedSpeed's deliberate actions have resulted in it wrongfully obtaining money which, in equity and good conscience, should belong to Plaintiff and the members of the putative class.

6.      Not only is RedSpeed's conduct unlawful, it presents a prototypical situation for class treatment.  RedSpeed's conduct—including all relevant practices, documents, representations, and omissions—is uniform among all class members.  There is no meaningful difference among this conduct, or RedSpeed's defenses or liability, for any class member, regardless of where in Georgia they reside. The application of uniform law to a common course of conduct will determine liability for the class as a whole, ensuring that the rights of hundreds Georgia citizens are vindicated through the efficiency of a single trial.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action and venue is proper in Dougherty County, Georgia under Georgia Code § 14-2-510. RedSpeed USA Corporation is an Illinois corporation with its headquarters in Illinois.  It conducts business in Georgia, but maintains no office, registered agent, and or principal place of business in Georgia. The causes of action originated in Dougherty County, Georgia and seek redress through damages for torts, wrong, and injury done.  RedSpeed USA Corporation operates in Dougherty County, Georgia and could reasonably anticipate being subject to this Court's jurisdiction.  The Court further has jurisdiction over this matter through Ga. Code Ann. § 40-14-18, which provides that "any court having jurisdiction over violations" giving rise to Plaintiff's claims, also has "jurisdiction over cases

3

arising under this subsection…," as the citation issued to and fine paid by Plaintiff occurred in Dougherty County, Georgia.  Plaintiff makes no claims invoking federal law.

### III.    PARTIES

8.    Antonia Leroy II is a Georgia citizen who resides in Dougherty County, Georgia. He received a notice of violation and paid a citation or civil penalty to RedSpeed.

9.    RedSpeed USA Corporation is an entity recognized in Illinois under Illinois law with its sole principal place of business in Chicago, Illinois and therefore is a citizen of Illinois. It received the revenue at issue in this case and which Plaintiff and putative class members seek to recover.  It owns the equipment and creates the policies and procedures through which these damages were created.  It lobbies municipalities, including the City of Albany, to allow it to place and operate the equipment.  It operates as a single entity with its subsidiaries, including RedSpeed Georgia LLC, which are empty "shell" corporations which exist only for the improper purpose of attempting to shield it from liability.  RedSpeed USA Corporation is both directly liable for the conduct at issue here, and as the alter-ego of its subsidiaries (to the extent necessary).

### FACTUAL ALLEGATIONS

10.    RedSpeed is one of the largest sellers of automated traffic enforcement systems in the United States.  It manufactures enforcement cameras and other systems which it markets and sells to municipalities. RedSpeed does through aggressive lobbying and marketing efforts, and has donated funds to the law makers who advance its interests through passing and attempting to amend the statute which purportedly authorizes this conduct.  RedSpeed markets to municipalities using largely identical or form presentations that extol the supposed virtue of outsourcing police traffic enforcement to automated "turnkey" systems owned and operated by, of course, RedSpeed. RedSpeed is not an agent of the municipalities who it contracts with to allow it to place these

cameras, it represents itself in binding contracts to merely be an "independent contractor" with limited liability.

11.     RedSpeed maintains and operates all systems related to this process. This includes the equipment itself, which RedSpeed markets as involving no cost to the municipalities and which RedSpeed installs itself.  These cameras capture the license plate of cars and, if the RedSpeed system determines that the car was moving in excess of ten miles-per-hour above the limit, registers a violation.  Upon information and belief, the system issues citations outside school zone hours of operation (including those posted on signs at such zones).  RedSpeed only performs "preventative maintenance" once a month; and (in stark contrast to the nearly continually calibration of law enforcement owned speed detection devices) the RedSpeed equipment is only calibrated once a year. RedSpeed also owns and maintains the video footage used to assess citations, which, upon information and belief, are not fully obtainable to class members (as opposed to government records which could be obtained) and which are not retained for the full length of time necessary for those receiving citations to attempt to defend themselves in a proceeding.  The video footage provided to class members (and presumptively to law enforcement officials) does not show the driver of the vehicle.

12.     RedSpeed also owns the "citation processing system" it calls "RedCheck" which is used to assess and send the citations.  Upon information and belief, this system automatically creates form notices of violations by using data obtained from the equipment installed by RedSpeed as applied to public sources of vehicle registration data.  The system provides designated law enforcement officers with access to the system, with the purpose of (purportedly) reviewing the data to find that a violation has occurred.  However, the officer does not have access to the equipment or complete information (such as who was driving the vehicle) to do so; they

only review the prepopulated form itself.   The RedSpeed system automatically applies an electronic signature of the law enforcement officer through this process.   Upon information and belief, the identical signatures of officers are applied to thousands of notifications of violations each month; a presumptively impossible task if the appropriate steps were taken to ensure that violations were given only to those who actually violated the applicable law.

13.    The citations class members receive are effectively identical forms, differing only in class member specific information (such as name and address), notice specific information (notice number, PIN, etc.), and photographic information (of the vehicle and license plate). They represent that they are sent by a law enforcement agency (*e.g.* "City of Albany Public Safety Initiative") and have the general appearance of a citation from such an agency.   They make no mention of RedSpeed or its role in the process, including that the money paid will be to RedSpeed or retained in part by RedSpeed.

14.    In the citation, class members are instructed to pay the penalty ($75) as well as a "e-processing fee" through a website maintained, owned, and operated by RedSpeed.   The payment is received by RedSpeed which retains a large percentage—usually 33% or 35%—as well as the processing fee, and remits the remainder to the municipality which allowed it to install its cameras.   This amounts to millions-of-dollars a year in unlawful revenue to RedSpeed.   The revenue received by the municipalities is only used for law enforcement or public safety purposes (despite the fact that it is the school which must seek and show the need for the automated enforcement); Albany, for example, has used the RedSpeed money to buy $319,733 worth of tasers.

15.    If a class member wants to contest the citation, it must "testify under oath in open court or submit to the court a sworn notarized statement that you were not the operator of the

vehicle at the time of the alleged violation." That is, the citation creates a mandatory presumption—without evidence—that the vehicle was driven by the person to whom the vehicle is registered. The amount of evidence required to shift this burden of persuasion is significant, as it requires a notarized affidavit, which must be obtained at some cost, and appearance at the hearing in person or through counsel hired for that purpose. Notably, even then, under the statute, it is entirely discretionary whether or not this sworn affidavit would be sufficient to rebut the presumption made. The cost and burden of contesting the citations outweigh the cost of the citation themselves and are intended to ensure payment without a meaningful opportunity to be heard. Indeed, notably, the amount of the citation is deliberately set through statute to be less than the normal speeding violation to ensure such compliance.

16. If a class member does not pay the citation (or successfully contest it) the consequences are significant. RedSpeed may place a lien on the vehicle (which could lead not only to additional costs and burden but also to the repossession of the vehicle by any previous lien holder, such as a financing company). Further, if they do not pay or successfully contest the citation, a class member is not permitted to renew their vehicle's registration or transfer title (as through sale).

17. This conduct is broadly violative of Georgia statutory and common law. Section 40-14-18 (which purports to allow RedSpeed's conduct) is unconstitutional and unenforceable as it creates a rebuttable presumption that impermissibly shifts the burden of persuasion to Plaintiff and putative class members. Further, the system RedSpeed operates unlawfully usurps the role of law enforcement and violates the statutory framework that dictates which governmental agencies and employees, in what manner, may issue fines and citations for traffic violations in at least four ways:

a. First, Georgia statutory law only allows law enforcement officers to utilize speed detection devices, including those for photographically recorded images, and to issue citations or penalties. *See, e.g.,* Ga. Code Ann. § 40-14-2(a).  RedSpeed's conduct violates this law as it usurps this statutory mandate by operating speed detection devices, making determinations of violations, and issuing citations. Georgia law does not allow the delegation of police powers to third parties, especially as part of an outsourced policing-for-profit scheme.

b. Second, Georgia statutory law provides that owners of vehicles may only be "liable for a civil monetary penalty to the governing body of the law enforcement agency." Ga. Code Ann. § 40-14-18(d). RedSpeed's conduct renders Plaintiff and putative class members liable directly to RedSpeed for a portion of this penalty.

c. Third, Georgia statutory law mandates that no speed detection device may be used where payment to the issuer is on a "fee system." *See, e.g.,* Ga. Code Ann. § 40-14-2(a).  The RedSpeed system is just such an incentive-based citation system, whereby the more violations it issues the more revenue it receives.

d. Fourth, Georgia statutory law only allows an "agent" to send citations, and RedSpeed by its own contractual documents is not the agent of any municipality. *See, e.g.,* Ga. Code Ann. § 40-14-18(b)(2).  There is no authority for it to send citations or notices of violation to Plaintiff and class members or for it to collect payment through such notices.

18.     Finally, the uniform method by which RedSpeed operates the system to create and send citations renders its unreliable and flawed including failures to: to calibrate the system consistently, to notify correctly or operate consistently with notifications as they relate to times

of operation, to maintain and allow access to all video footage, to take and share pictures of drivers as well as vehicles, and to ensure that a law enforcement officer is meaningfully reviewing (and has access to) all relevant information necessary to make the required determination of violation.

19.     As a result of the conduct at issue herein, Plaintiff and putative class members have been denied of property interests and damaged in that they paid money to RedSpeed, and RedSpeed has received money it is not entitled to retain.  As set out below, Plaintiff brings this action to end these practices, recover all funds improperly taken by RedSpeed, prohibit RedSpeed from continuing this conduct in the future, and recover all attorney's fees and punitive damages allowed by law.

### V.     CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action pursuant to Georgia Code § 9-1-23, and proposes the following class:

> All persons in Georgia who paid a fine or civil penalty to RedSpeed, or from which RedSpeed received any portion.

21.     As defined herein, "RedSpeed" means RedSpeed USA Corporation, including all subsidiaries and related entities.

22.     Excluded from the proposed class are members of the judiciary who preside over this case or related litigation; entities currently in bankruptcy; entities whose obligations have been discharged in bankruptcy; and governmental entities or employees.

23.     Plaintiff maintains the right to create additional subclasses or classes, if necessary.

24.     Plaintiff also reserves the right to revise these definitions to maintain cohesive classes which do not require individual inquiry to determine liability.

### A.     Existence And Predominance Of Common Questions Of Law And Fact.

25.     RedSpeed is engaged in a common course of conduct which gives rise to common questions of law and fact which predominate in this litigation.  This common course of conduct—implementing a system which violates Georgia law—affected class members in the exact same manner.  The amount of damages may differ among class members, but the fact and type of damages is uniform among all class members and flows directly from RedSpeed's common conduct.  Identical Georgia law applies to each class member's claims.

26.     This shared nucleus of facts and law gives rise to numerous questions of law and fact which overwhelm any individual issues which might exist.  Such common questions include, but are not limited to, the following:

a.     Whether Ga. Code Ann. § 40-14-18(d) is unconstitutional under Georgia Constitution Art. I, § 1, ¶ I;

b.     Whether the mandatory rebuttable presumption of liability impermissibly shifts the burden of persuasion to class members;

c.     Whether RedSpeed's conduct violates Ga. Code Ann. § 40-14-2(a);

d.     Whether RedSpeed's conduct violates Ga. Code Ann. § 40-14-18(d);

e.     Whether RedSpeed's conduct violates Ga. Code Ann. § 40-14-18(b)(2);

f.     Whether RedSpeed owns and operates the equipment and systems used to determine and assess violations;

g.     Whether RedSpeed is effectively usurping the mandate that law enforcement officers determine and issue traffic citations;

h.     Whether RedSpeed has been unjustly enriched through its conduct;

i.     Whether RedSpeed's conduct constitutes an unauthorized exercise of ownership over the property of class members; and

j.     Whether RedSpeed should be prohibited from continuing its conduct in the future.

**B.     Numerosity.**

27.     The total number of members of each putative class is so numerous that individual joinder is impracticable.   RedSpeed has issued more than 1,000 citations in Georgia to class members.

**C.     Typicality.**

28.     The claims of the named Plaintiff are typical of the claims of the class. Plaintiff, like other class members, was issued and paid a citation through the RedSpeed system to RedSpeed in Georgia after receiving the form notice of violation. Plaintiff was subject to, and was harmed by, the exact same common policies and practices which affected all class members.

**D.     Adequacy.**

29.     Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members.  Plaintiff shares the same interests and was harmed by the same conduct as each other class member.  Resolution of this case will inherently vindicate and redress the interests of Plaintiff equally with class members.  Plaintiff has retained class counsel competent and experienced in prosecuting class actions and such class counsel is financially able to represent the classes.

**E.     Superiority And Manageability.**

30.     The class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual joinder of all members of the class is impracticable. While the total amount at issue in this litigation is large, individual damages for a given plaintiff are comparatively small and class members have little incentive to pursue individual claims.  The interests of judicial economy favor adjudicating the claims for the Plaintiff classes in a single forum rather than on an individual basis, thus also ensuring consistent adjudications and a uniformity of decision.  The proposed class definitions are objective and class membership is easily determined using data and records maintained by RedSpeed in electronic form. Calculation of damages can be accomplished using systematic means and objective criteria.  The class action mechanism is administratively feasible and provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

11

## VI.    CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT
### (Violation Of Georgia Statutory Law)

31.     All allegations and paragraphs, excluding the paragraphs for other Counts, are incorporated by reference.

32.     Plaintiff and each member of the class received a notice of violation and paid, or will be required to pay, a citation issued by RedSpeed or through the RedSpeed system operated in Georgia.

33.     The operations and conduct of RedSpeed in issuing notices of violation and citations in Georgia violates Georgia statutory law, including Georgia Code § 40-14-18(d), Georgia Code § 40-14-2(a), and Georgia Code § 40-14-18(b)(2), as set out in detail above.

34.     Under Georgia Code § 9-4-2, Plaintiff on behalf of himself and all members of the class seeks declaratory judgment that the conduct complained of herein is unlawful and violates Georgia statutory law.

35.     Plaintiff and each member of the class have been directly and proximately harmed by RedSpeed's conduct in that each paid or is required to pay fines to RedSpeed.  In addition to declaratory judgment, Plaintiff also seeks damages on behalf of himself and all members of the class in the amount of these payments under Georgia Code § 9-4-3.

36.     RedSpeed's conduct is continuing and presents the likelihood of further harm to Plaintiff and members of the putative class. In addition to declaratory judgment and damages, Plaintiff also seeks injunctive relief on behalf of himself and all members of the class prohibiting RedSpeed from continuing its unlawful operations in Georgia.

### COUNT II
### DECLARATORY JUDGMENT
### (Violation Of Due Process)

37.     All allegations and paragraphs, excluding the paragraphs for other Counts, are incorporated by reference.

38.     Plaintiff and each member of the class received a notice of violation and paid, or will be required to pay, a citation issued by RedSpeed or through the RedSpeed system operated in Georgia.

39.     The statute under which RedSpeed purports to have authority to issue such notices and citations, Georgia Code § 40-14-18(d), is unconstitutional under Georgia Constitution Art. I, § 1, ¶ I in that it deprives Plaintiff and putative class members of their property without due process by creating a rebuttable presumption that impermissibly shifts the burden of persuasion, as set out in detail above.

40.     Under Georgia Code § 9-4-2, Plaintiff on behalf of himself and all members of the class seeks declaratory judgment that Georgia Code § 40-14-18(d) is unconstitutional.

41.     In addition to declaratory judgment, Plaintiff also seeks damages on behalf of himself and all members of the class in the amount of these payments under Georgia Code § 9-4-3.

42.     The conduct complained of herein is continuing and presents the likelihood of further harm to Plaintiff and members of the putative class. In addition to declaratory judgment and damages, Plaintiff also seeks injunctive relief on behalf of himself and all members of the class prohibiting RedSpeed from continuing its unlawful operations in Georgia.

<u>**COUNT III**</u>
**UNJUST ENRICHMENT**

43.     All allegations and paragraphs, excluding the paragraphs for other Counts, are incorporated by reference.

44.     To the extent necessary, this count is plead in the alternative.

45.     Plaintiff and each member of the class received a notice of violation and paid, or will be required to pay, a citation issued by RedSpeed or through the RedSpeed system operated in Georgia.

46.     Through the conduct set out herein, RedSpeed received money from Plaintiff and the putative class which in equity and justice it should not be permitted to keep.   By charging

and collecting notices of violations and citations, by suppressing and misrepresenting material facts in such notices (including its role and retention of such money), by violating state statutory and common law, and by engaging in other wrongful and unlawful conduct as set out herein, RedSpeed obtained money which properly belongs to Plaintiff and the putative class. The benefit conferred was non-gratuitous and RedSpeed realized value from this benefit. It would be inequitable for RedSpeed to retain this benefit.

47.     Plaintiff and each member of the class have been directly and proximately harmed by RedSpeed conduct in that each paid money to RedSpeed through notices of violation and citations.

**COUNT IV**
**CONVERSION**

48.     All allegations and paragraphs, excluding the paragraphs for other Counts, are incorporated by reference.

49.     Plaintiff and each member of the class received a notice of violation and paid, or will be required to pay, a citation issued by RedSpeed or through the RedSpeed system operated in Georgia.

50.     Through its conduct as set out in detail herein, RedSpeed carried out an unauthorized assumption and exercise of ownership over property (specifically money) belonging to Plaintiff and each member of the class in hostility to the rights of Plaintiff and each member of the class.

51.     Such conduct was an act of dominion over such property that is inconsistent with the rights of Plaintiff and the members of the putative class and constitutes an unauthorized appropriation.

52.     Plaintiff and each member of the putative class has been directly and proximately damaged by RedSpeed's conduct in that each paid money to RedSpeed which was retained by RedSpeed. Each such payment can be separately identified through RedSpeed's own data and

records and Plaintiff on behalf of himself and each class member seeks to recover the specific amounts paid to RedSpeed and retained by RedSpeed.

## VII.    PRAYER FOR RELIEF

53.    Plaintiff, on behalf of himself and each member of the putative classes, as set out above, seeks damages in the amount of all citations and penalties paid to RedSpeed, declaratory relief, injunctive relief, attorneys fees and punitive damages.

### Trial By Jury

Plaintiff, and the class are entitled to, and demand, a trial by jury.

This the 24 day of June, 2024.

*/s/Patrick S. Flynn*
Patrick S. Flynn
**PATRICK FLYNN LAW**
Georgia State Bar No. 004765
517 W. Broad Avenue
Albany, Georgia 31701
229.446,4886
pflynn@fpplaw.com

Oscar M. Price, IV
Garrett Owens
**PRICE ARMSTRONG, LLC**
1919 Cahaba Road
Birmingham, AL 35223
Phone: 205.208.9588
oscar@pricearmstrong.com
garrett@pricearmstrong.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2022000642**

**JUN 24, 2022 09:19 AM**

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2022000642</u>

Leroy, II, Antonia

_____
**PLAINTIFF**

**VS.**

Redspeed USA Corporation

_____
**DEFENDANT**

### SUMMONS

TO: REDSPEED USA CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Patrick Flynn**
**Patrick S. Flynn, LLC**
**517 W. Broad Avenue**
**P.O. Box 7**
**Albany, Georgia 31701**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of June, 2022.**

Clerk of Superior Court

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

Page 1 of 1

## SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

✤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2022000642**

**JUN 24, 2022 09:19 AM**

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2022000642</u>

Leroy, II, Antonia

_____

**PLAINTIFF**

**VS.**

Redspeed USA Corporation

_____

**DEFENDANT**

### SUMMONS

TO: REDSPEED USA CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Patrick Flynn**
> **Patrick S. Flynn, LLC**
> **517 W. Broad Avenue**
> **P.O. Box 7**
> **Albany, Georgia 31701**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of June, 2022.**

Clerk of Superior Court

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2022000642**
3091
JUL 06, 2022 04:38 PM

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY, GEORGIA

ANTONIA LEROY II, on behalf of himself and
others similarly situated,

      **Plaintiff,**

    **v.**

**REDSPEED USA CORPORATION,**

      **Defendant.**

Case No.: SUCV2022000642

**CLASS ACTION**

### AFFIDAVIT OF SERVICE

NOW COMES the affiant, Patrick Flynn, and testifies as follows:

1.     On June 27, 2022 a copy of the filed complaint and summons in the above-captioned case was sent via certified mail—return receipt requested—to Faina Liberman, Secretary, RedSpeed USA Corporation, 400 Eisenhower Lane, North Lomard, IL 60148.

2.     True and correct copies of the return receipt and certified mail receipt for this mailing are attached hereto. The return receipt indicates that it was signed for and delivered on June 29, 2022.

Further the affiant sayeth not.

This the 6 day of July, 2022.

 

*Patrick S. Flynn*
_____
Patrick S. Flynn

Sworn to and subscribed before
me this 6 day of July, 2022.

_____
Notary

**TERRI SKILES**
MY COMMISSION EXPIRES
NOTARY
PUBLIC
JULY 23, 2022
LEE COUNTY, GEORGIA

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Farina Liberman
Secretary, Redspeed USA Corporation
400 Eisenhower Lane
North Lombard, IL 60148

9590 9402 7345 2028 5963 64

2. Article Number (Transfer from service label)

7021 2720 0002 2242 7695

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Dretton
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Datte                             6/29

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Lombard, IL 60148

Certified Mail Fee  $3.75                          0023
$                          $3.05                      70
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)        $ $0.00          Postmark
☐ Certified Mail Restricted Delivery $ $0.00          Here
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $
Postage   $1.76
$                                                      06/27/2022
Total Postage and Fees
$ $8.56

Sent To
Farina Liberman, Secretary, Redspeed USA Corporation
Street and Apt. No., or PO Box No.
400 Eisenhower Lane
City, State, ZIP+4
North Lombard, IL 60148

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7021 2720 0002 2242 7695