**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **ANTONIA LEROY II; ROBERT CAKORA;** ) | |
| **ANALEE PEREZ, on behalf of themselves** ) | |
| **and others similarly situated,** ) | |
| ) | **CIVIL ACTION NO.** |
| **Plaintiffs,** ) | |
| **v.** ) | **1:22-cv-118-LAG** |
| ) | |
| **REDSPEED USA CORPORATION;** ) | **CLASS ACTION** |
| **REDSPEED GEORGIA, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS SECOND AMENDED COMPLAINT</u>**

Defendants RedSpeed USA Corporation ("RedSpeed USA") and RedSpeed Georgia,
LLC ("RedSpeed GA") (collectively "Defendants" or RedSpeed) file this Memorandum of Law
in support of their Motion to Dismiss the Second Amended Complaint. [Dkt. 42.]

**<u>INTRODUCTION</u>**

The allegations raised in Plaintiffs' Second Amended Complaint have been ruled upon by
the Court once already. In a detailed and thoroughly reasoned order, the Court dismissed virtually
identical claims for declaratory judgment because Plaintiffs had failed to establish the injury-in-
fact element of standing. Now, under the guise of the order granting leave to amend to add an
additional class representative, Plaintiffs have filed the Second Amended Complaint reviving
claims that were dismissed, adding new defendants, and adding new claims. These additions are a

brazen violation of Federal Rule of Civil Procedure 15 and exceed the authorization provided by the Court in granting leave to amend.[1]

Pretermitting whether the Court even considers these new allegations, Plaintiffs still fail to establish standing and fail to satisfy the requisite pleading standard. Instead, the Second Amended Complaint reiterates virtually the identical allegations seeking declaratory relief and damages. As already explained by this Court and articulated below, declaratory relief is not available to Plaintiffs. In its prior order, the Court left open the possibility that Plaintiff Leroy could recover damages under his claim for unjust enrichment. However, Plaintiffs pleaded a different claim for damages – money had and received. That claim for damages fails to state a claim for relief, and in any event would not be a claim that can be asserted by the newly named Plaintiffs. In fact, the newly named Plaintiffs – representatives of the purported Citation Subclass – have admittedly not sustained any damages because they have not paid the citation fines and penalties.

Despite amending the complaint twice, the Second Amended Complaint suffers from the same fatal defects as the First Amended Complaint and other flaws, and therefore it should be dismissed with prejudice.

## <u>ARGUMENT</u>

### A.    **REDSPEED GA MUST BE DISMISSED.**

Plaintiffs amended the Second Amended Complaint to name RedSpeed GA as an additional defendant. [Dkt. 42.] This amendment is untimely, unauthorized by rule or the Court, and should be summarily dismissed. Under Federal Rule of Civil Procedure 15, a plaintiff can amend his

---

[1]    As explained in the contemporaneously filed Motion to Strike [Dkt. 55], the Court granted leave to amend to name Joshua Blankenship as an additional plaintiff and class representative. Plaintiffs' Second Amended Complaint fails to add Joshua Blankenship as a named plaintiff and instead names two previously undisclosed individuals, adds RedSpeed GA as a defendant, revives claims that were dismissed by this Court, adding new claims for declaratory judgment, and recasting the unjust enrichment claim as one for money had and received. This is wholly improper, and the Court should not consider the addition of parties or allegations that were not expressly authorized by the Court.

pleading once as a matter of course, and in all other cases "may amend its pleading *only* with the opposing party's written consent or the court's leave." (emphasis added). Plaintiff already amended the complaint once as a matter of course. *See* Dkt. 8. Thereafter, Plaintiff sought leave to amend again, but only sought leave to amend to add Joshua Blankenship as an additional class representative. [Dkt. 19]. The Court granted leave for such an amendment, but did not grant carte blanche authority for Plaintiffs to amend the complaint in any manner it desired. The Court should strike the allegations and dismiss RedSpeed GA. *See Stewart v. Tillman*, 2008 WL 2815652, at *1 n. 1 (S.D. Ga. July 21, 2008) (declining to consider as untimely amended petition filed without seeking leave of court).

Additionally, the Court should dismiss RedSpeed GA because Plaintiffs do not allege any specific wrongdoing by RedSpeed GA. Instead, Plaintiffs allege that RedSpeed USA conducts business in Georgia through its sham subsidiary RedSpeed GA. [Dkt. 41 ¶ 8] The rest of the complaint remains unchanged and Plaintiffs simply want the Court to infer that RedSpeed GA is liable for the same conduct as RedSpeed USA merely because there is a parent-subsidiary relationship. Without specific factual allegations that justify ignoring the corporate form, the Court cannot impute liability simply because two defendants are business affiliates. *See CHIS, LLC v. Liberty Mut. Holding Co., Inc.*, 2015 WL 4249358, at *3 (M.D.Ga. July 13, 2015). Thus, the Court must dismiss RedSpeed GA from the case.

To the extent the Court construes the Second Amended Complaint as a motion for leave to amend again, the Court should deny the amendment. "A district court may properly deny leave to amend the complaint under rule 15(a) when such an amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). As demonstrated below, the addition of a RedSpeed GA does not cure the fatal deficiencies in the Second Amended Complaint. Plaintiffs

lack standing and/or fail to state a claim as a matter of law and the entirety of the Second Amended Complaint should be dismissed, irrespective of the addition of RedSpeed GA as a defendant.

## B.    PLAINTIFFS LACK STANDING TO SEEK DECLARATORY RELIEF

Plaintiffs seek declaratory relief in Counts I, II, and IV. Although the Court has already thoroughly addressed Plaintiffs' lack of standing for declaratory relief, Plaintiffs inexplicably attempt to revive these previously dismissed claims without leave of Court. The Court should summarily dismiss Plaintiffs claims for declaratory relief for all the reasons previously articulated by this Court. *See* Dkt. 26 at 7-9.[2]

Even though the Court granted leave for Plaintiff to amend to add another named specifically named Plaintiff to the case, the addition of different Plaintiffs who received a citation and have not yet paid any fines does not change the applicable standing analysis. *See* Dkt. 42 ¶ 28 (amending complaint to allege two subclasses: the Payment Class and the Citation Class). Specifically, Plaintiffs take umbrage with the statutory regime that allows RedSpeed to contract with municipalities to operate traffic cameras and issue citations for traffic infractions. Both subclasses seek prospective relief in the form of a declaratory judgment that RedSpeeds' conduct violates Georgia law or the law under which RedSpeed operates is unconstitutional. Thus, Plaintiffs' future injuries as well as those of both putative subclasses, are premised on the assumption that Plaintiffs and class members will violate the law again by speeding in a school zone such that they would receive another citation. The Court has already found this speculative and hypothetical future injury does not confer standing. [Dkt. 26 at 9.]

---

[2]    RedSpeed will not belabor the Court by regurgitating arguments already ruled upon, but RedSpeed incorporates herein all standing arguments raised in the previous motion to dismiss [Dkt. 17-1] and reasoning adopted by the Court in its order dated December 18, 2023.

**C.    THE COURT SHOULD DISMISS COUNT I.**

In Count I, Plaintiffs seek a declaratory judgment that Defendants' conduct violates O.C.G.A. § 40-14-18(d), § 40-14-2(a), and § 40-14-18(b)(2). [Dkt. 42 ¶¶ 41-42.] In addition to a declaratory judgment that RedSpeed has violated Georgia's speed detection statute, Plaintiffs also seek money damages.

As an initial matter, there is no private right of action under O.C.G.A. § 40-14-1 *et seq.* This is fatal to Count I. "The Declaratory Judgment Act is not an independent source of federal jurisdiction and does not create remedies that are otherwise unavailable. Rather the availability of such relief presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In reliance on this fundamental principle of jurisdiction, "[m]any courts, including the Eleventh Circuit have held that a claim for declaratory relief must be dismissed where there is no private right of action available for an alleged statutory violation." *Millenium Labs., Inc. v. Univ. Oral Fluid Labs., LLC*, 2012 WL 12905083, at *3 (M.D. Fla. Apr. 25, 2012) (collecting cases).

Even if a remedy was available for Plaintiffs' claim that RedSpeed violated Georgia statutes, Plaintiffs have failed to plausibly plead any such claim because they have failed to show how RedSpeed violated either O.C.G.A. § 40-14-2(a), § 40-14-18(b)2), or § 40-14-18(d). RedSpeed will address each provision in turn.

O.C.G.A. § 40-14-2(a) provides that "law enforcement officers of the various counties [and] municipalities . . . may use speed detection devices only if the sheriffs of such counties . . . or the governing authorities of such municipalities . . . shall approve of and desire the use of such devices . . . ." Plaintiffs interpret this provision to mean that *only* law enforcement officers can use speed detection devices, as opposed to private contractors working for counties or municipalities. This tortured interpretation is contrary to the plain language of the statute. The statute describes a

precondition to the use of speed detection devices. It is not a limitation on who can use speed detection devices. Accordingly, Plaintiffs have failed to state a violation of O.C.G.A. § 40-14-2(a). Contrary to Plaintiffs' assertion that Georgia law does not allow the delegation of police powers to third parties, Georgias speed detection device law specifically authorizes counties and municipalities to uses agents in the administration of their speed detection device program. *See* O.C.G.A. § 40-14-18(b)(2); *see also* O.C.G.A. § 40-14-2(c) (authorizing agents of municipality to operate automated traffic enforcement safety devices[3]).

O.C.G.A. § 40-14-18(b)(2) authorizes law enforcement agencies and their agents to send citations for traffic violations and enumerates requirements for the contents of such citations. Plaintiffs allege that RedSpeed violated this provision because RedSpeed is not an "agent" and therefore does not have authority to send citations or notices of violations to Plaintiffs. [Dkt. 42 ¶ 20d.] Plaintiffs' assertion that RedSpeed is not an agent pursuant to O.C.G.A. § 40-14-18(b)(2) is wholly conclusory. There are no facts to establish that RedSpeed is not an agent for the City of Albany and other cities for the purpose of administering the municipality's speed detection devices, and the Court need not accept as true Plaintiffs' baseless assertion. *Gibson v. Equifax Info. Servs., LLC*, 2020 WL 13702734, at *1-2 (M.D.Ga. Jan. 14, 2020) ("[T]he Court need not accept as true . . . conclusory statements," and "conclusory allegations are not entitled to the assumption of truth.").

---

[3] "Automated traffic enforcement safety device" means a speed detection device that: "(A) Is capable of producing photographically recorded still or video images, or both, of the rear of a motor vehicle or of the rear of a motor vehicle being towed by another vehicle, including an image of such vehicle's rear license plate; (B) Is capable of monitoring the speed of a vehicle as photographically recorded pursuant to subparagraph (A) of this paragraph; and (C) Indicates on each photographically recorded still or video image produced the date, time, location, and speed of a photographically recorded vehicle traveling at a speed above the posted speed limit within a marked school zone. O.C.G.A. § 40-14-1.1(2).

6

Additionally, Georgia's statute governing speed detection devices define agent as:

> [A] person or entity who is authorized by a law enforcement agency or governing body to administer the procedures contained herein and:
>
>> (A) Provides services to such law enforcement agency or governing body;
>>
>> (B) Operates, maintains, leases, or licenses an automated traffic enforcement safety device; or
>>
>> (C) Is authorized by such law enforcement agency or governing body to review and assemble the recorded images captured by the automated traffic enforcement safety device for review by a peace officer.

O.C.G.A. § 40-14-1.1(1). That is precisely what Plaintiffs allege RedSpeed to be. *See* Dkt. 42 ¶ 2 ("RedSpeed . . . manufactures, installs, and operates both the equipment necessary for municipalities to outsource traffic enforcement and the systems and platforms necessary to charge and collect the resulting fines."); *see also id.* ¶ 3 ("Cities across Georgia, including the City of Albany, have entered into such agreements with RedSpeed and allowed the implementation of these privately owned traffic enforcement mechanisms."). Plaintiffs' conclusory assertion that RedSpeed is not an agent is belied by its own specific factual allegations. Thus, Plaintiffs have failed to show RedSpeed has violated O.C.G.A. § 40-14-18(b)(2).

Lastly, O.C.G.A. § 40-14-18(d) describes the notification procedures that must be followed if a person issued and mailed a traffic citation fails to pay the penalty or otherwise contest the citation. Plaintiffs have failed to allege how this provision has been violated. There is no argument that the proper notification letters were timely sent and contained all the elements required by statute. Thus, Plaintiffs' conclusory assertion that RedSpeed violated O.C.G.A. § 40-14-18(d) must be dismissed.

## D. THE COURT SHOULD DISMISS COUNTS II AND IV.

Plaintiffs seek a declaratory judgment that O.C.G.A. § 40-14-18(d) is unconstitutional under both the Georgia Constitution (Count II) and the Fourteenth Amendment of the United States

Constitution (Count IV) because "it deprives Plaintiffs and putative class members of their property without due process by creating a rebuttable presumption that impermissibly shifts the burden of persuasion." [Dkt. 42, ¶¶ 47; 61.] Both constitutional claims fail because (1) Plaintiffs have failed to sue any state actor; (2) RedSpeed is not a state actor; and (3) Plaintiffs have failed to plead a cognizable due process violation.

### 1. Plaintiffs Have Failed To Sue A State Actor.

"Plaintiffs cannot challenge the constitutionality of a state statute by bringing suit against a private actor; such a lawsuit can only be brought against state actors." *Newton v. Duke Energy Fla., LLC*, 2016 WL 10564996, at *2 (S.D. Fla. Sept. 21, 2016); *see also Abner v. Mobile Infirmary Hosp.*, 149 F. App'x 857, 859 (11th Cir. 2005) (upholding dismissal of alleged constitutional violations as meritless "because defendants are private individuals or entities, and the Constitution only protects against injuries caused by state actors"); *see also Coffey Enters. Realty & Dev. Co., Inc. v. Holmes*, 233 Ga. 937, 939, 213 S.E. 2d 882, 885 (Ga. 1975) ("Since no meaningful government involvement to constitute state action is involved, any contention that such statute violates the equal protection or due process provisions of the Constitution is without merit.").

Seemingly aware of this requirement, Plaintiffs allege that they "have or will provide notice to the Attorney General of Georgia under OCGA § 9-4-7(c)." [Dkt. 42 ¶ 49] However, Plaintiffs made an identical allegation in the First Amended Complaint, filed nearly 17 months prior to the operative complaint. [Dkt. 8 ¶ 47.] As of the filing of this motion, Defendants are unaware of any such notice being provided to the Attorney General of Georgia, nor have they been made a party to this action to defend the constitutionality of state action. Because the State is not a party to this action – a necessary party when challenging the constitutionality of a state statute – Plaintiffs'

claims for declaratory judgment that O.C.G.A. § 40-14-18(d) is unconstitutional must be dismissed.

### 2. RedSpeed Is Not a State Actor

State action is required to assert a challenge under Georgia's constitution. *See Coffey Enters.*, 233 Ga. At 939; *Alliance Partners v. Harris Trust & Sav. Bank*, 266 Ga. 514, 515, 467 S.E.2d 531, 532 (Ga. 1996) (requiring state action for successful due process challenge). Plaintiffs do not even allege RedSpeed was a state actor for purposes of a challenge under the Georgia Constitution. In fact, Plaintiffs allege exactly the opposite. They assert that Georgia's speed detection device statute is unconstitutional because RedSpeed is *not* an agent of the state. [Dkt. 42 ¶ 20d]. Plaintiffs cannot have their cake and eat it too. The Court should disregard Plaintiffs' conclusory and contradictory allegations and dismiss Count II for failure to plead state action.

Similarly, Count IV's constitutional claim also requires conduct by a state actor. To state a § 1983 claim,[4] "a plaintiff must show that: (1) the defendant deprived him of a right secured by the Constitution or federal law; and (2) the deprivation occurred under color of state law." *Hayes v. Sec'y, Fla. Dep't of Children & Families*, 563 F. App'x 701, 703 (11th Cir. 2014). Where, as here, "defendants are private actors, the challenged conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State." *Doe v. U.S.*, 831 F.3d 309, 314 (5th Cir. 2016) (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)). A person acts under color of state law if

---

[4]     Although Plaintiffs do not specifically identify the vehicle by which they raise a federal due process challenge, they cite the nexus/joint actor test for identifying a state actor under § 1983. *Compare Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (explaining that to hold private parties as state actors under § 1983, "the court must conclude that . . . (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution. . . (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State . . . or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise), *with* Dkt. 42 ¶ 59 (alleging RedSpeed was a state actor because it "performed a public function that is traditionally the exclusive prerogative of the State . . . [and] the State has so far insinuated itself into a position of interdependence with RedSpeed that it was a joint participant in the enterprise"). Accordingly, Defendants address Count IV as one brought pursuant to § 1983.

they are exercising a "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *U.S. v. Classic*, 313 U.S. 299, 326 (1941). Private parties – like RedSpeed and RedSpeed GA – do not act under color of law simply by invoking state authority. *Glotfelty v. Karas*, 512 F. App'x 409, 414 (5th Cir. 2013). Indeed, "[o]nly in rare circumstances can a private party be viewed as a 'State actor' for section 1983 purposes." *Rayburn* 241 F.3d at 1347. "The acts of private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

Plaintiffs make the conclusory assertion that Defendants are state actors and then recite the elements of the nexus/joint action test. [Dkt. 42 ¶ 59.] The Court need not accept this assertion as true. *See Gibson*, 2020 WL 13702734, at *1-2. Moreover, "[t]o charge a private party with State action under this standard, the governmental body and private party must be intertwined in a symbiotic relationship," that "involve[s] the specific conduct of which the plaintiff complains." *Rayburn*, 241 F.3d at 1348. It is not enough to attribute state action to a private party "when bottomed solely on a generalized relation with the State." *Id.* More specifically, to demonstrate the joint relationship, Plaintiffs "must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Pombert v. Glock, Inc.*, 171 F. Supp. 3d 1321, 1331-32 (N.D. Ga. 2016). Plaintiffs have failed to allege any facts that show the nexus/joint action test has been met. At most they have alleged that RedSpeed has a contract with the City of Albany regarding the administration of speed camera devices and the issuance of citations and received a portion of the fines and fees that are collected. That is simply not enough. *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010) ("State action is

not established merely because a private entity receives government funding."). Therefore, Plaintiffs have failed to allege conduct by a state actor and the constitutional claims must fail.

### 3.   Plaintiffs Have Failed To Plead A Cognizable Due Process Violation.

"Both the Georgia and Federal Constitutions prohibit the state from depriving any person of life, liberty, or property, without due process of law." *Schumacher v. City of Roswell*, 344 Ga. App. 135, 137, 809 S.E.2d 262, 265 (Ga. Ct. App. 2017). This due process guarantee "includes notice and hearing as a matter of right where one's property rights are involved." *Id.* "[U]nder both constitutions, the focus of the procedural due process analysis is whether the state makes adequate procedures available – not whether the plaintiff takes advantage of those procedures and achieves a successful outcome." *Id.* at 139.

Although Plaintiffs do not specifically allege whether their constitutional claims are facial or as-applied challenges, it is clear they are making a facial attack that the statute deprives everyone of due process because of the procedures in place for challenging a speeding ticket. Indeed, Plaintiffs' maintenance of this claim on a class-wide basis demonstrates that Plaintiffs believe the due process violations apply the same to all members of the class.[5] "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount, since the challenger must establish that no set of circumstances exist under which the Act would be valid." *U.S. v. Salerno*, 481 U.S. 739, 745 (U.S. 1987). Indeed, it is a "heavy burden" to demonstrate a statute is facially unconstitutional. *Id.*

---

[5]     Even if the Court finds that Plaintiffs have adequately pled an as-applied constitutional challenge to O.C.G.A. § 40-14-18(d), the claim cannot be maintained on a class-wide basis. As-applied challenges "must be made on a case-by-case basis," and "[t]he Court will not shift through the entire class to determine whether the statute was constitutionally applied in each case." *Schall v. Martin*, 467 U.S. 253, 268 n. 18 (1984).

In both the Eleventh Circuit and Georgia, courts "generally presume statutes to be constitutional." *U.S. v. Davila-Mendoza*, 972 F.3d 1264, 1269 (11th Cir. 2020); *see also S&S Towing & Recovery, Ltd. v. Charnota*, 309 Ga. 117, 118 (2020) (noting the presumption that statutes are constitutional and courts have "duty to construe a statute in a manner which upholds it as constitutional, if that is possible").

Plaintiffs have failed to state a claim for a due process violation. Their only allegation is that Georgia's speed detection device statute violates due process "by creating a rebuttable presumption that impermissibly shifts the burden of persuasion." [Dkt. 42 ¶¶ 47, 61.] Notably, "[t]he Due Process Clause does not guarantee a particular form or method of procedure." *Charnota*, 309 Ga. at 119. Instead, "due process is satisfied if a party has reasonable notice and an opportunity to be heard, and to present its claim or defense, due regard being had to the nature of the proceeding and the character of rights which may be affected by it." *Id.*

Plaintiffs fail to explain how Georgia's speed detection device statute impermissibly shifts the burden of persuasion. All the statute does is provide a procedure for challenging the citation. It does not eliminate the state and/or RedSpeed's obligation to show a traffic violation in the first instance, if a person decides to challenge the citation. For example, O.C.G.A. § 40-14-18(b)(1) provides that "the owner of a motor vehicle shall be liable for a civil monetary penalty . . . if such vehicle *is found, as evidenced by photographically recorded images*, to have been operated in disregard or disobedience of the speed limit within any school zone . . . ." Thus, it is clear that the statute does not impermissibly shift the burden to Plaintiffs. It remains, in the first instance, with the state agency charged with enforcing traffic laws.

Due process does not require providing Plaintiffs with all possible relief. *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). Only when the state fails to provide *adequate* procedures to

remedy the deprivation of a protected interest can there be a procedural due process claim. *Id.* Plaintiffs may be dissatisfied with the procedures for challenging a citation, but wanting a different procedure does not give rise to a due process violation. Moreover, none of the Plaintiffs allege that they even attempted to challenge their citations according to the protections afforded by the statute. This failure is fatal to Plaintiffs' due process claim. Because Plaintiffs have not availed themselves of the process the State has provided, they lack standing to assert a procedural due process claim, because "a procedural due process violation is not complete *unless and until* the State Fails to provide Due Process." *Snider Int'l Corp. v. Town of Forest Heights*, 906 F. Supp. 2d 413, 423 (D. Md. 2012), *aff'd sub nom. Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140 (4th Cir. 2014).

Because Plaintiffs fail to plausibly allege how O.C.G.A. § 40-14-18 impermissibly shifts the burden of persuasion or, even why such burden shifting is inadequate to protect Plaintiffs' property interests, the Court should dismiss all constitutional challenges in Counts II and IV.

## E.    THE COURT SHOULD DISMISS COUNT III.

In Count III, Plaintiffs assert a claim for unjust enrichment and or money had and received. As explained above and in the contemporaneously filed Motion to Strike [Dkt. 55], Plaintiffs' recharacterization of this count as a claim for money had and received is unauthorized by the Court and should be summarily dismissed. Regardless of whether the claim is one for money had and received or unjust enrichment, both fail to state a claim for relief. Defendants will address both in turn.

### 1.    Plaintiffs Fail to State A Claim For Money Had And Received.

To state a claim for money had and received, Plaintiffs must show (1) "a person has received money of the other," (2) "that in equity and good conscious he should not be permitted to

keep,"(3) "demand for repayment has been made," and (4) "the demand was refused." *Taylor v. Powertel, Inc.*, 551 S.E.2d 765, 770 (Ga. 2001). The demand for repayment is an essential element and the Eleventh Circuit strictly construes the requirements. *Brinson v. Providence Cmt'y Corr.*, 785 F. App'x 738, 740-41 (11th Cir. 2019) (affirming dismissal of claim for money had and received where plaintiff did not allege that she had made a demand for payment, or that such a demand was refused); *see also City of Atlanta v. Hotels.com*, 710 S.E.2d 766 (Ga. 2011) (affirming dismissal of money had and received claim absent showing a demand for payment was made and refused). None of the plaintiffs allege that they made a demand for money that was refused. Accordingly, the claim fails as a matter of law.

Additionally, a claim for money had and received for fees charged by a government contractor will exist only if the contractor acted in violation of Georgia statutory law. *Brinson v. Providence Cmty. Corr.*, 2016 WL 9651775, at *12 (S.D. Ga. Mar. 31, 2016), *vacated and remanded on other grounds*, 703 F. App'x 874 (11th Cir. 2017), and *aff'd*, No. CV 215-99, 2018 WL 4059379 (S.D. Ga. Aug. 24, 2018). Relying on Georgia Supreme Court precedent, the court in *Brinson* explained that an action to recover fees charged by a probation company could prevail on "a cause of action for money had and received to the extent a plaintiff alleged that the private probation company collected supervision fees in contravention of the Statute." *Id.* (citing *Sentinel Offender SVCS., LLC v. Glover*, 766 S.E.2d 456 (Ga. 2014). Because, as explained above, Plaintiffs have failed to plead facts demonstrating RedSpeed acted in contravention of Georgia law, Plaintiffs claims for money had and received must also fail.

Lastly, the newly added Plaintiffs and the Citation subclass have failed to state a claim for money had and received for the simple reason that they have admittedly not paid the citation and therefore have conferred no monetary benefit on RedSpeed.

14

**2. Plaintiffs Fail to State a Claim for Unjust Enrichment.**

To the extent the Court construes Count III as a claim for unjust enrichment, it must also be dismissed. "An action for money had an received is the functional equivalent of an action for unjust enrichment." *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1378-79 (N.D.Ga. 2018). Plaintiffs' unjust enrichment claim fails for four additional reasons: (1) all of RedSpeed's conduct adheres to Georgia law and a valid contract and therefore cannot form the basis of an unjust enrichment claim; (2) the voluntary payment doctrine bars recovery; (3) Plaintiffs plead their unjust enrichment claim as a tort, rather than as an alternative theory of recovery to a contract claim, as is required; and (4) Plaintiffs do not allege having conferred any benefit to RedSpeed for which Plaintiffs expected any remuneration from RedSpeed.   Like with the money had and received claim, none of the newly named class representatives, who have not paid their citations, can state a claim for unjust enrichment because they have paid no money to RedSpeed which they could claim should be repaid.

> *a. RedSpeed's conduct adheres to Georgia law and a valid contract, foreclosing any unjust enrichment claim.*

RedSpeed's conduct is compliant with Georgia statutory law and pursuant to a valid, lawful contract between RedSpeed and the City of Albany. As such, RedSpeed cannot have unjustly enriched itself or converted another's property when its actions are legally permissible. RedSpeed is paid pursuant to a contract for its provision of services, which does not equate to a benefit conferred for purposes of an unjust enrichment claim. *See Smith Serv. Oil Co. v. Parker*, 549 S.E.2d 485, 487 (Ga. App. 2001) ("The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated."). "The theory of unjust enrichment is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits when

there was no legal contract to pay." *Hollifield v. Monte Vista Biblical Gardens, Inc.*, 553 S.E.2d 662, 669 (Ga. App. 2001). It applies "when as a matter of fact there is no legal contract ..., but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." *Smith v. McClung*, 215 Ga. App. 786, 789, 452 S.E.2d 229, 232 (1994) (internal citation omitted).

RedSpeed's conduct is pursuant to a contract that RedSpeed entered into with the City of Albany. Plaintiffs acknowledge the existence of the contract between the parties, thus barring Plaintiffs' claim. *See* Dkt. 42 ¶ 3. Because the conduct at issue in this case is premised in part upon the contractual relationship between RedSpeed and the City of Albany, a claim for unjust enrichment must fail because any and all funds that RedSpeed has earned has been pursuant to this contract. Plaintiffs never challenge the existence of the contract between RedSpeed and Albany and rather acknowledge the existence of the contract.[6] In addition, the contract between RedSpeed and the city is authorized by and pursuant to O.C.G.A. § 40-14-18. Any funds that RedSpeed has earned cannot be improperly conferred (and thus RedSpeed unjustly enriched) because RedSpeed has a contractual and statutory basis for its actions, which are lawful. Count III therefore fails to state a claim.

*b. Plaintiffs' unjust enrichment claim is barred by the voluntary payment doctrine.*

The voluntary payment doctrine, which is codified at O.C.G.A. § 13-1-13, states:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an

---

[6] Plaintiffs assert that RedSpeed's contracts "are void or voidable" and therefore invalid. [Dkt. 42, ¶ 54.] However, a *voidable* contract is still a valid contract until voided, and Plaintiffs provide no rationale for how the contracts might be void. A legal conclusion without any alleged factual basis may be disregarded by the Court. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.")

urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property. Filing a protest at the time of payment does not change the rule prescribed in this Code section.

"The party seeking to recover payment bears the burden of showing that the voluntary payment doctrine does not apply." *Telescripps Cable Co. v. Welsh*, 247 Ga. App. 282, 284, 542 S.E.2d 640, 642 (2000). Further, ""when payment is made through mere ignorance of the law, it is not recoverable." *Id.* Three conditions "must be met before recovery of a payment is barred by the doctrine":

> First, the payment must have been made through ignorance of the law or where all the facts are known. The party seeking recovery must prove that the payment was not voluntarily made because certain material facts were not known at the time of payment or a valid reason existed for failure to determine the truth. Second, the payment must not have been induced by misplaced confidence, artifice, deception, or fraudulent practice on the part of the person to whom the money is paid. Third, the payment must not have been made under an urgent necessity or for the other reasons specified in the statute.

*Cotton v. Med-Cor Health Info. Solutions, Inc.,* 221 Ga. App. 609, 611, 472 S.E.2d 92, 96 (1996) (internal citations omitted) (affirming trial court's grant of motion to dismiss under the voluntary payment doctrine). Moreover, "a party is not entitled to the recovery of restitutionary damages for unjust enrichment where there has been a voluntary payment of the money received." *Id.* at 612.

All three conditions are met in this instance with regard to Plaintiff Leroy.[7] First, Plaintiffs fail to allege that Mr. Leroy was not aware of all of the facts regarding the speed zone cameras, the issuance of the citation, or payment of the citation. Plaintiffs do not allege that he made any payment out of ignorance. Plaintiffs fail to allege that his payment of the citation was involuntary or that he did not know all of the relevant facts when paying the citation. Second, Plaintiffs fail to

---

[7] As previously stated, the newly added plaintiffs Cakora and Perez have not paid their citations, and thus the unjust enrichment claim does not apply to them.

allege that Mr. Leroy was somehow induced to make this payment or there was some deception or fraud that led to him paying the citation. Third, Plaintiffs fail to allege that the payment of the citation was made "under an urgent necessity." *Id*. There is no such urgent necessity and, to the contrary, Mr. Leroy could have exercised his appeal rights to challenge the issuance of the citation and payment of the fine.  He failed to do so.  Instead, Mr. Leroy voluntarily paid the citations and Georgia law makes clear that in such instances the voluntary payment doctrine bars Plaintiffs' claims for unjust enrichment.

> c. *Plaintiffs' unjust enrichment claim fails as a matter of law because he does not plead the claim as an alternative theory of recovery to a contract claim.*

An unjust enrichment claim is, exclusively, "an alternative theory of recovery" to a contract claim. Order [Dkt. 26, p. 12.]  Importantly, "a claim for unjust enrichment is not a tort" and is due to be dismissed unless plead as "an alternative theory of recovery if a contract claim fails." *Wachovia Ins. Servs., Inc. v. Fallon*, 299 Ga. App. 440, 449, 682 S.E.2d 657, 665 (Ga. Ct. App. 2009); *Tidikis v. Network for Med. Comm'ns & Research, LLC*, 274 Ga. App. 807, 811, 619 S.E.2d 481, 485 (Ga. Ct. App. 2005).  As explained by the Georgia Court of Appeals in *Wachovia*, if the plaintiff "asserts unjust enrichment as a separate tort and not an alternative theory of recovery for a failed contract, this claim fails as a matter of law."  682 S.E.2d at 665; *see also Tidikis*, 619 S.E.2d at 485 (finding that the plaintiff "apparently is treating the unjust enrichment claim like a tort" and dismissing "the unjust enrichment claim fails as a matter of law").

The Eleventh Circuit has addressed this issue in the context of a class action case and, like *Tidikis* and *Wachovia*, also affirmed dismissal of the unjust enrichment claim.  Citing to *Tidikis*, the Eleventh Circuit in *Byung Ho Cheoun v. Infinite Energy, Inc.*, 363 F. App'x 691 (11th Cir. 2010), affirmed the dismissal of an unjust enrichment claim in a class action suit, in part, for the same reason, *i.e.*, because the plaintiffs brought their unjust enrichment claim as a tort, rather than

an alternative theory of recovery to a contract claim.  The class action plaintiffs in *Infinite Energy*

"complain[ed] of tortious conduct by" the defendant, a natural gas company, alleging that the

company had "wrongfully charged them . . . inflated therm rates."  *Id*. at 696. The district court

dismissed the unjust enrichment claim with prejudice and the Eleventh Circuit affirmed, holding

the "district court did not err by dismissing the complaint of unjust enrichment."  *Id*.

Here, Plaintiffs have sought to do precisely what *Tidikis* and its progeny prohibit: Plaintiffs

bring their unjust enrichment claim as a separate tort, *not* as an alternative theory of recovery to a

contract claim.  Plaintiffs' Second Amended Complaint asserts no contract claim, and nowhere in

the Second Amended Complaint do Plaintiffs state that his unjust enrichment claim is brought as

"an alternative theory of recovery if a contract claim fails."  *Wachovia*, 682 S.E.2d at 665; *Tidikis*,

619 S.E.2d at 485.  In fact, just as the class action plaintiffs in *Infinite Energy* had alleged that the

defendant "wrongfully charged them . . . inflated [] rates" for natural gas, 363 F. App'x at 696, here

Plaintiffs allege that RedSpeed wrongfully overcharged for speeding violations in school zones.

The parallels between the present case and *Infinite Energy* are self-evident.  The class plaintiffs in

*Infinite Energy* brought their unjust enrichment claim as a tort rather than an alternative theory of

recovery to a contract claim, and here, Plaintiffs do the same.  In *Infinite Energy*, the Eleventh

Circuit affirmed dismissal of the class plaintiffs' "amended complaint with prejudice."  *Id*.  Here,

Plaintiffs' Second Amended Complaint should be dismissed with prejudice as well.

> d.  *Plaintiffs did not confer benefits to RedSpeed with an expectation that RedSpeed
>     would be responsible for the cost.*

Finally, Plaintiffs' unjust enrichment claim fails because Plaintiffs conferred no benefit to

RedSpeed for which they expected compensation – an indispensable element of the claim. The

Court of Appeals in *Sitterli v. Csachi*, 344 Ga. App. 671, 811 S.E.2d 454 (Ga. Ct. App. 2018)

recited the elements of an unjust enrichment claim, emphasizing that such claim fails if the plaintiff

lacked an "*expectation that the defendant would be responsible for the cost*" of the benefit conferred:

> [A] claim for unjust enrichment exists where a plaintiff asserts that the defendant induced or encouraged the plaintiff to provide something of value to the defendant; *that the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof*; and that the defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it.

*Sitterli*, 811 S.E.2d at 457 (emphasis in original) (citing *Campbell v. Ailion*, 338 Ga. App. 382, 790 S.E.2d 68 (Ga. Ct. App. 2016)).  The Court of Appeals noted that it is "well-settled law that for unjust enrichment to apply, a party conferring a benefit 'must act with the *expectation that the other will be responsible for the cost*.'" *Sitterli*, 811 S.E.2d at 457 (citing *Morris v. Britt*, 275 Ga. App. 293, 620 S.E.2d 422, 424 (Ga. 2005)) (emphasis in original).  The cases cited by this Court further reinforce that requirement.  *See Hollifield*, 553 S.E.2d at 670 ("For unjust enrichment to apply either in law or equity, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost.") and *Bedsole v. Action Outdoor Adv. JV, LLC*, 325 Ga. App. 194, 200, 750 S.E.2d 445, 452 (2013) (examining whether the plaintiff "expected to be compensated at the time he rendered the services").

In *Byung Ho Cheoun v. Infinite Energy, Inc.*, 363 F. App'x 691 (11th Cir. 2010), the Eleventh Circuit affirmed dismissal of the class action's unjust enrichment claim because the plaintiffs had conferred no benefit for which they could have expected compensation:

> The [class plaintiffs] alleged that Infinite was unjustly enriched when it collected exorbitant charges for its natural gas, but this argument fails. The doctrine of unjust enrichment allows a party to seek the return of or payment for transferring a good or providing a service for which he has not received compensation. That doctrine does not apply here. The [class plaintiffs] do not seek compensation for some benefit they conferred on Infinite.

*Infinite Energy, Inc.*, 363 F. App'x at 696 (internal citations omitted).

Here, and unmistakably similar to *Infinite Energy*, Plaintiffs contend that RedSpeed "was unjustly enriched when it collected" payment for the speeding citations. *Id*. Plaintiffs alleges merely that Mr. Leroy "received . . . and paid a citation" to RedSpeed for speeding through a school zone, *i.e.*, the supposed benefit conferred. [Dkt. 42, ¶ 9]. Mr. Leroy did not have – and does not allege that he had (nor could he) – any expectation from his payment of the citation other than to face no further civil penalty for his speeding violation. Like in *Infinite Energy*, an unjust enrichment claim simply "does not apply" to these circumstances, so Plaintiffs' claim should likewise be dismissed with prejudice. *Infinite Energy*, 363 F. App'x at 696.

## CONCLUSION

Wherefore, for the foregoing reasons, along with those raised in Defendant RedSpeed USA's Motion to Dismiss the First Amended Complaint [Dkt. 8], Defendants respectfully request that the Court dismiss, with prejudice, the Second Amended Complaint.

Respectfully submitted this 29th day of February, 2024.

| | |
|---|---|
| */s/ Christopher S. Cohilas* | By: */s/ Brittany M. Cambre* |
| Christopher S. Cohilas | Jeremy T. Berry |
| Georgia Bar No. 175377 | Georgia Bar No. 055455 |
| Louis E. Hatcher | Brittany M. Cambre |
| Georgia Bar No. 337342 | Georgia Bar No. 350793 |
| Alfreda L. Sheppard | Joseph Siegelman |
| Georgia Bar No. 525106 | Georgia Bar No. 837090 |
| WATSON SPENCE LLP | CHILIVIS GRUBMAN WARNER & BERRY LLP |
| P.O. Box 2008 | 1834 Independence Square |
| Albany, Georgia 31702-2008 | Atlanta, GA 30338 |
| Telephone: 229-436-1545 | Telephone: 404-233-4171 |
| Facsimile: 229-436-6358 | Facsimile: 404-261-2842 |
| ccohilas@watsonspence.com | jberry@cglawfirm.com |
| lhatcher@watsonspence.com | bcambre@cglawfirm.com |
| asheppard@watsonspence.com | jsiegelman@cglawfirm.com |
| | |
| | *Attorneys for Defendants* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 29, 2024, I electronically filed the foregoing Memorandum with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Patrick S. Flynn
**Patrick Flynn Law**
Georgia Bar No. 004765
517 W. Broad Avenue
Albany, Georgia 31701
pflynn@fpplaw.com

Oscar M. Price, IV
Garrett Owens
**Price Armstrong, LLC**
1919 Cahaba Road
Birmingham, AL 35223
oscar@pricearmstrong.com
garrett@pricearmstrong.com


*/s/ Brittany M. Cambre*
Brittany M. Cambre

22