## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| ANTONIA LEROY, II, on behalf of himself: and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:22-CV-118 (LAG) |
| | : | |
| REDSPEED USA CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court are Defendant's Motion for Reconsideration (Doc. 35), Plaintiffs' Motion to Reconsider (Docs. 47, 50), Defendant's Motion to Strike Second Amended Class Action Complaint (Doc. 55), and Defendant's Motion to Dismiss Second Amended Complaint (Doc. 56). For the reasons below, both Parties' Motions for Reconsideration (Docs. 35, 47, 50) are **DENIED**, Defendant's Motion to Strike (Doc. 55) is **GRANTED in part and DENIED in part**, Defendant's Motion to Dismiss (Doc. 56) is **GRANTED** as to Plaintiffs' claim for unjust enrichment and money had and received in Count III.

## BACKGROUND

On June 24, 2022, Plaintiff Antonia Leroy II initiated this putative class action in the Superior Court of Dougherty County Georgia against Defendant RedSpeed USA Corporation (Redspeed) challenging its operation of automated traffic enforcement systems in school districts throughout the state. (Doc. 1-1 ¶¶ 1–1; *see also* Docs. 8, 42). Based on the Court's diversity jurisdiction and under the Class Action Fairness Act of 2005, RedSpeed, a citizen of Illinois, removed the action to this Court on July 28, 2022. (Doc. 1 at 1–2). On August 25, 2022, Plaintiff filed the first Amended Complaint. (Doc. 8). The Amended Complaint asserted four counts: (1) declaratory judgment that RedSpeed's conduct violates O.C.G.A. §§ 40-14-2 and 40-14-18; (2) declaratory judgment that

O.C.G.A. § 40-14-18(d) violates the Georgia Constitution's Procedural Due Process Clause; (3) unjust enrichment; and (4) conversion. (*Id.* ¶¶ 37–59). Plaintiff sought declaratory relief, a permanent injunction "prohibiting RedSpeed from continuing its unlawful operations in Georgia[,]" compensatory "damages in the amount of all citations and penalties paid to RedSpeed," punitive damages, and attorney's fees. (*Id.* ¶¶ 41–42, 48–49, 60). Defendants filed a Motion to Dismiss on September 8, 2022, and Plaintiff filed a Motion for Leave to Add Class Representative, wherein Plaintiff requested that the Court allow it to amend the Complaint to add Joshua Blankenship as a class representative, on September 29, 2022. (Docs. 17, 19). The Court entered an Order granting in part and denying in part the Motion to Dismiss and granting the Motion for Leave to Add Class Representative. (Doc. 26). The Court dismissed Count I, II, and IV of the Complaint without prejudice. (*Id.* at 6–15).

Both Parties filed motions for reconsideration. (Docs. 35, 47, 50). On January 22, 2024, Plaintiffs filed the Second Amended Class Action Complaint adding Robert Cakora and Analee Perez as additional class representatives, RedSpeed Georgia, LLC as a defendant, reasserting Counts I, II, and III of the First Amended Complaint, adding a claim for money had and received within Count III, and adding a claim for declaratory judgment for violation of federal due process. (Doc. 42 ¶¶ 10–11, 39–65). On February 29, 2024, RedSpeed filed a Motion to Strike Second Amended Complaint and a Motion to Dismiss Second Amended Complaint. (Docs. 55, 56). Plaintiffs responded on March 21, 2024, and RedSpeed replied on April 18, 2024. (Docs. 57, 58, 60, 61).

## I.    Defendant's Motion to Strike Amended Class Complaint

Defendant moves to strike the Second Amended Complaint "because Plaintiff amended his complaint substantially beyond the scope of what this Court authorized in its Order (Doc. 26), which granted Plaintiff *limited* leave for the purpose of adding Joshua Blankenship as a class representative." (Doc. 55 at 1). Defendant alleges that the Second Amended Complaint includes the following unauthorized changes: (a) "adding class representatives Robert Cakora and Analee Perez" instead of Joshua Blankenship, (b) "adding RedSpeed Georgia LLC as a defendant," (c) "replacing the Conversion claim . . .

with an altogether new Declaratory Judgment claim," and (d) "attempting to convert the sole surviving claim of Unjust Enrichment (Count III) into a "Money Had and Received" claim. (*Id.* at 1). In response, Plaintiffs argue that the Order granted the Motion to Amend to Add Class Representative was broad enough to allow amendment of Counts I and II, given that the Court dismissed those claims without prejudice. (Doc. 57 at 3–4).

The Motion to Amend is titled "Motion for Leave to Amend to ADD a Class Representative" and the first sentence states "Plaintiff . . . moves the Court for leave to amend to add a class representative in this case." (Doc. 19 at 1). Having considered the Motion and Defendant's response, the Court's December 18, 2023, Order specifically granted Plaintiff Leroy's Motion to Amend to *Add Class Representative* Joshua Blankenship. (Doc. 26 at 15–16). Plaintiffs did not ask for leave to amend Counts I and II, add a federal due process claim, add Robert Cakora and Analee Perez as class representatives, or add RedSpeed Georgia LLC as a defendant. (*See* Docs. 19, 26). The Motion to Amend stated that "[t]he sought amendment simply adds a second class representative"—Joshua Blankenship. (Doc. 19). Because Plaintiffs made no such request, Defendants had no opportunity to object, and the Court had no opportunity to analyze the request on any objection. Considering what was set forth in the Motion and Defendant's objection, the Court granted Plaintiffs leave to amend because "the addition of a named Plaintiff who has not yet paid any such fines is not futile." (Doc. 26 at 16). The Court did not engage in any analysis regarding whether adding Defendant RedSpeed Georgia, LLC, adding the Count IV federal due process claim, or repleading Counts I and II would be appropriate under Federal Rule of Civil Procedure 15(a)(2) and Defendant's assertion that the Court's order broadly allowed such amendment is disingenuous. (*See* Doc. 57 at 4).

That the Court denied Counts I and II without prejudice is of no moment. Plaintiffs were required to seek leave to replead those claims in this case. Generally, "after a complaint is dismissed[,] the right to amend under 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally." *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1553 (11th Cir. 1984). The two exceptions to this rule, neither of which apply

here, are when "when the trial court clearly indicates that no amendment is permitted or when the dismissal constituted the end of the action." *Doe (K.B.) v. Hare Krishna Savannah Hotel, LLC*, 346 F.R.D. 150, 159 (N.D. Ga. 2024). Plaintiffs did not seek leave to amend to make any of the changes to the amended complaint. (*See* Doc. 42). Plaintiffs "cannot take a shortcut around the Federal Rules of Civil Procedure and unilaterally add [different] party defendants [and replead dismissed claims] outside the strictures of Rule 15(a)." *Patterson v. HG Ohio Emp. Holding Corp.*, No. 1:23-cv-681, 2024 WL 2022088, at *3 (N.D. Ohio May 7, 2024).

Plaintiff clearly was aware of the process for seeking leave to amend a complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure as it appropriately sought leave when it filed the Motion to Amend. (*See* Doc. 19). Not allowing Plaintiff to ignore the Rules is not "sanctioning" them.[1] Rather, the Court, in its lenience and with an eye towards judicial economy will allow a portion of the Second Amended Complaint to stand. To the extent that Plaintiffs attempt to add a claim for money had and received to the Second Amended Complaint, the Court will allow the amendment. Plaintiffs argue that "adding the caption 'Money Had And Received' to the claim for Unjust Enrichment in Count III merely clarifie[s] the nature of the claim (as monetary) and was not a substantive amendment of the claim[.]" (Doc. 57 at 5–6). Under Georgia law, "[a]n action for money had and received is merely one form of action to recover damages based on unjust enrichment" and Georgia courts have considered "[a]n action for 'money had and received' [to be] the functional equivalent of an action for unjust enrichment." *Price & Co. v. Majors Mgmt., LLC*, 869 S.E.2d 587, 597 (Ga. Ct. App. 2022) (quoting *Nat'l City Bank of Rome v. Busbin*, 332 S.E.2d 678 (1985)); *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1371 (quoting *SEC v. Price*, No. 1:12-cv-2296, 2015 WL 11198937, at *6

---

[1] The Court certainly would be within bounds to completely reject this attempt to circumvent the Rules. *See Dimanche v. Jackson*, No. 6:22-cv-2073-CEM-DCI, 2024 WL 579202, at *4 (M.D. Fla. Feb. 13, 2024) (striking portion of second amended complaint adding multiple defendants beyond scope of order allowing plaintiffs to amend to cure deficiencies); *Morris v. City of Los Angeles*, No. 2:22-cv-09277-ODW (MRWx), 2024 WL 1256276, at *6 (C.D. Cal. Mar. 25, 2024) (striking "allegations, claims, and defendants improperly added beyond the scope of the Court's prior leave to amend").

n.5 (N.D. Ga. Mar. 31, 2015)). Plaintiffs do not add new factual allegations in support of the money had and received claim aside from the facts Plaintiffs allege regarding the new class representatives that were allowed by the Court's December 18, 2023, Order. (Doc. 26 at 15–16; Doc. 42 ¶¶ 9–11, 52–57). Because the addition of this caption does not meaningfully alter the First Amended Complaint, the amendment will be allowed. (*See* Doc. 8; Doc. 42 ¶¶ 52–57). Furthermore, for the same reasons that the Court previously granted Plaintiff leave to add Joshua Blankenship as a class representative, the Court will allow the addition of Robert Cakora and Analee Perez as class representatives. (*See* Doc. 26 at 15–16; Doc. 42 ¶¶ 9–11).

Accordingly, remaining in the Second Amended Complaint are Plaintiffs Leroy, Cakora, and Perez as class representatives, RedSpeed USA Corporation as the only defendant, and the unjust enrichment/money had and received claim as the only claim. (*See* Doc. 42 at 1).

## II.    Defendant's Motion to Dismiss

The Court now considers the sole remaining claim, Unjust Enrichment/Money Had and Received.[2] (*See* Doc. 42 ¶¶ 52–57). In the Motion to Dismiss, Defendant argues that Plaintiff's unjust enrichment claim in the Second Amended Complaint fails because Plaintiff does not plead it as an alternative theory of recovery to a contract claim but as a tort. (Doc. 56-1 at 18–19). RedSpeed also argues that Plaintiff fails to state a claim for unjust enrichment because he does not allege that he "conferred [a] benefit to RedSpeed for which [he] expected compensation—an indispensable element of the claim." (*Id.* at 19).

In Georgia, "[u]njust enrichment is an equitable principle that may be applied when there is no valid written contract between the parties[.]" *Collins v. Athens Orthopedic Clinic*, 849 S.E.2d 213, 216 (Ga. Ct. App. 2020) (second alteration in original) (citation omitted). It "is not a tort, but an alternative theory of recovery if a contract claim fails." *Wachovia Ins. Servs., Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. Ct. App. 2009) (quoting *Tidikis v. Network for Med. Commc'n & Rsch., LLC*, 619 S.E.2d 481, 485 (Ga. Ct. App.

---

[2]    The Court does not consider arguments previously addressed in the December 18, 2023, Order on the first Motion to Dismiss. (*See* Doc. 26).

2009)).

> [A] claim for unjust enrichment exists where a plaintiff asserts that the defendant induced or encouraged the plaintiff to provide something of value to the defendant; that the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof; and that the defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it.

*Campbell v. Ailion*, 790 S.E.2d 68, 73 (Ga. Ct. App. 2016) (citations omitted). To the extent that Plaintiff seeks to assert "unjust enrichment as a separate and distinct cause of action and not as an alternate remedy for a failed contract[,]" the claim fails. *Collins*, 849 S.E.2d at 216 (first citing *Cash v. L.G. Elecs., Inc.*, 804 S.E.2d 713 (Ga. Ct. App. 2017); then citing *Tolson Firm, LLC, v. Sistrunk*, 789 S.E.2d 265, (Ga. Ct. App. 2016); then citing *Fallon*, 682 S.E.2d at 665; and then citing *Tidikis*, 619 S.E.2d at 485). The claim also fails to the extent that Plaintiff argues that his claim is "alternative to contract [because] RedSpeed's contract with the City of Albany is void or voidable[.]" (Doc. 58 at 12). This is because Plaintiff, himself, does not assert any contract claims. (*See* Doc. 42). Thus, the unjust enrichment claim cannot be considered an *alternate* theory of recovery to a contract claim. *See Collins*, 849 S.E.2d at 216. Nor is Plaintiff a party to the contract between the city and RedSpeed. (*See* Doc. 42). "The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it." *See Scott v. Cushman & Wakefield of Ga., Inc.*, 547 S.E.2d 794, 796 (Ga. Ct. App. 2001) (citing *Decatur North Assoc. v. Builders Glass*, 350 S.E.2d 795, 796 (Ga. Ct. App. 1986); and then citing O.C.G.A. § 9-2-20(a)). Moreover, Plaintiff has not alleged that he is a third-party beneficiary to the contract with standing. (Doc. 42); O.C.G.A. § 9-2-20(b); *see Kaesmeyer v. Angiogenix, Inc.*, 629 S.E.2d 22, 25 (Ga. Ct. App. 2006). As there is no privity and as Plaintiff is not a third-party beneficiary of the contract at issue, Plaintiff cannot recovery under an alternate contract theory.

Furthermore, Plaintiff does not allege, as required, that he "provided a benefit to [Redspeed] with the expectation that the [Redspeed] would be responsible for the cost thereof[.]" *Campbell*, 790 S.E.2d at 73 (citations omitted); (Doc. 56-1 at 19). Plaintiff

alleges that he provided a benefit to Redspeed by paying the speeding ticket, but he does not allege that he provided that benefit with the *expectation* that Redspeed would later compensate him for that cost. (*See* Doc. 42 ¶¶ 52–57). *See Byung Ho Cheon v. Infinite Energy, Inc.*, 363 F. App'x 691, 696 (11th Cir. 2010) (determining that dry cleaner's unjust enrichment claim for return of exorbitant charges for defendant's natural gas failed because "the dry cleaners do not seek compensation for some benefit they conferred on" defendant); *Somerson v. McMahon*, 956 F. Supp. 2d 1345, 1357 (N.D. Ga. Aug. 24, 2012) (dismissing claim in part because "plaintiff has not alleged in his complaint that he performed wrestling activities with the expectation that WWE would be responsible for paying him any royalties"). Accordingly, Plaintiff has failed to state a claim for unjust enrichment.

To the extent Plaintiff seeks to recover under a theory of money had and received, the claim also fails. (*See* Doc. 42 ¶¶ 52–57). To state a claim for money had and received, a plaintiff must plead the following elements: "a person has received money of the other that in equity and good conscience he should not be permitted to keep; demand for repayment has been made; and the demand was refused." *Think Dev. Sys., Inc. v. Cloudious, LLC*, 891 S.E.2d 426, 435 (Ga. Ct. App. 2023) (quoting *Wilson v. Wernosky*, 846 S.E.2d 101, 111 (Ga. Ct. App. 2020)); *City of Atlanta v. Hotels.com*, 710 S.E.2d 766, 770 (Ga. 2011). Defendant argues that the claim must be dismissed because Plaintiff does not allege that Plaintiff made a demand for repayment and that the demand was refused. (Doc. 56-1 at 13–14).

A claim for money had and received is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when a Plaintiff does not allege that they made a demand for repayment and the demand was refused. *Brinson v. Providence Cmty. Corr.*, 785 F. App'x 738, 740–41 (11th Cir. 2019). Plaintiff Leroy is the only Plaintiff who has paid a speeding ticket issued by RedSpeed, and he does not allege that he demanded that RedSpeed pay him back for the unlawful ticket or that RedSpeed refused that demand. (*See* Doc. 42 ¶ 9). Accordingly, Plaintiff has failed to state a claim for money had and received.

### III.    Motions for Reconsideration

Defendant asks the Court to reconsider the portion of its Order denying the Motion to Dismiss as to Plaintiffs' Unjust Enrichment claim because "Plaintiff pleads his unjust enrichment claim as a tort, rather than as an alternative theory of recovery to a contract as is required" and "Plaintiff does not allege having conferred any benefit to RedSpeed for which plaintiff expected any remuneration from RedSpeed." (Doc. 35 at 1). Plaintiffs request that the Court reconsider its order denying Counts I and II of the Complaint because Plaintiffs asserted "new and more specific allegations" in the Second Amended Complaint to differentiate this case from *Worthy v. City of Phenix City*, 930 F.3d 1206 (11th Cir. 2019), the precedent this Court relied on in dismissing Plaintiff's claims for declaratory and injunctive relief. (Doc. 47 at 2; *see also* Doc. 26 at 8–9).

Pursuant to the Local Rules of the Middle District of Georgia, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration is appropriate if the moving party can show:

> (1) [T]here has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time of the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.

*Bryant v. Carter*, No. 5:09-CV-281 (HL), 2010 WL 2640600, at *1 (M.D. Ga. June 29, 2010) (quoting *Penamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)); *see also Cormier v. Green*, 141 F. App'x 808, 815–16 (11th Cir. 2005) ("Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment as issued."). A motion for reconsideration "does not provide an opportunity to simply reargue the issue the court has once determined." *Bryant*, 2010 WL 2640600, at *1 (quoting *Penamon*, 2009 WL 2009 WL 2355816, at *2); *see also King v. Farris*, 357 F. App'x 223, 225 (11th Cir. 2009)

(determining that district court did not abuse its discretion in denying a motion for reconsideration that "merely restated [movant's] previously submitted arguments").

Neither Parties' motion for reconsideration meets the requirements for granting a motion for reconsideration. RedSpeed raises new legal arguments in favor of dismissal of the First Amended Complaint, "which could and should have been made" in the original briefing on the original motion to dismiss. *See Cormier*, 141 F. App'x at 815–16; (Doc. 35 at 2–5). It does not assert there has been an intervening change in the law, that new evidence has been discovered that was not previously available when the original order was entered, or that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. *Bryant*, 2010 WL 2640600, at *1; (Doc. 35 at 2–5). Plaintiffs assert that they have asserted new facts in support of their claims in the Second Amended Complaint. (Doc. 50 at 2–3). Plaintiffs have made no argument as to why the original order on the Motion to Dismiss the First Amended Complaint should be reconsidered based on an intervening change in the law, new evidence, or clear error. (*Id.*); *Bryant*, 2010 WL 2640600, at *1. Accordingly, both motions for reconsideration are denied.

## CONCLUSION

Accordingly, Defendant's and Plaintiffs' Motions for Reconsideration (Docs. 35, 47, 50) are **DENIED**. Defendant's Motion to Strike is **GRANTED in part and DENIED in part**. Defendant RedSpeed Georgia, LLC and Counts I, II, and IV are **STRICKEN** from the Second Amended Complaint. Defendant's Motion to Dismiss (Doc. 56) as to Count III of the Second Amended Complaint is **GRANTED**. Plaintiffs' unjust enrichment and money had and received claims in Count III are **DISMISSED with prejudice**. Plaintiffs may seek leave to amend the Complaint and make a showing as to why the amendment is warranted under Federal Rule of Civil Procedure 15(a)(2) regarding the stricken claims and parties or file an amended Complaint within the scope of this Court's December 18, 2023, Order within **fourteen (14) days** of this Order.

**SO ORDERED**, this 30th day of September, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
